25CA1065 Aragon v ICAO 10-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1065
Industrial Claim Appeals Office of the State of Colorado
DD No. 12559-2025

Eric Aragon,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado,

Respondent.

ORDER AFFIRMED

Division I
Opinion by JUDGE SCHUTZ
J. Jones and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

Eric Aragon, Pro Se

No Appearance for Respondent

¶ 1    In this unemployment compensation benefits case, Eric Aragon appeals a final order of the Industrial Claim Appeals Office (Panel) affirming a hearing officer's dismissal of his administrative appeal as untimely. We affirm the Panel's order.

I.    Background

¶ 2    On March 20, 2023, a deputy for the Division of Unemployment Insurance (Division) determined that Aragon was ineligible to receive benefits because he did not timely respond to the Division's request for information. The notice of this determination provided that any appeal was due by April 10, 2023.

¶ 3    More than two years later, Aragon requested an administrative appeal of the determination. The Division opened an appeal, but the hearing officer dismissed it under Department of Labor and Employment Regulation 12.1.3.2., 7 Code Colo. Regs. 1101-2 because it was filed more than 180 days late.

¶ 4    Aragon appealed the hearing officer's dismissal to the Panel, asserting that he was unaware that he had become "indefinitely ineligible" for benefits until recently, when he tried to apply again. The Panel determined that the hearing officer correctly dismissed Aragon's administrative appeal and there was no reason to depart

1

from Regulation 12.1.3.2. The Panel "infer[red]" that the deputy's decision was timely uploaded to Aragon's "MyUI+ account, with an email sent to him informing him that correspondence had been uploaded to his account and mailed to his address of record." The Panel also observed that the Division's Computerized Appeals Record Docketing System (CARDS) "listed [Aragon's] preference [for receiving notice] as electronic." And the Panel noted that Aragon did not respond to a Division employee's phone message left for him on March 10, 2023.

¶ 5 The Panel concluded that "due to [Aragon's] personal circumstances — e.g., he began working, we infer that he was not paying any attention to correspondence sent to him by the Division either by mail or electronically and did not listen *nor respond* to the deputy's message left on his phone on March 10, 2023." The Panel also said that although Aragon "believes he has been deemed indefinitely ineligible" due to his failure to take steps such as workforce registration, that was not the reason his claim was deemed ineligible in 2023. The Panel noted that Aragon "had still not provided the requested documentation," and said that Aragon

"may want to contact the Division to find out how to provide the requested documentation."

¶ 6     Ultimately, the Panel concluded that even if Aragon had shown good cause for the late appeal, appealing a deputy's decision after 180 days may not be excused under the applicable regulation. Therefore, the Panel affirmed the hearing officer's dismissal.

## II.    Discussion

¶ 7     Aragon does not dispute the original ineligibility decision, and he acknowledges that his administrative appeal was dismissed under the applicable regulation. Instead, he asserts that the Division has imposed "an indefinite disqualification" against him from receiving benefits, and therefore he seeks review of the "disproportionately severe and ongoing effect of being indefinitely disqualified from all future benefits as a result of a misunderstanding."

¶ 8     Aragon explains that after he applied for benefits in 2023, he accepted employment, discontinued weekly certifications, and believed his claim had closed "in the normal course" due to his return to work. He concedes that a "call may have occurred" in March 2023 where the Division requested identity verification

documentation but says that he "did not understand the severity of the consequences of not submitting the documents."

¶ 9     Then, when he applied for benefits in 2024, his "payment was blocked" due to his "indefinite ineligibility status from 2023." He asserts that he has since mailed the requested documentation to the Division. He asks this court to "review and vacate the indefinite disqualification imposed on his record, or alternatively, to remand the matter for consideration of whether his eligibility for future benefits may be restored."

## A.     Standard of Review

¶ 10    We may set aside the Panel's decision only if (1) the Panel acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the findings of fact do not support the decision; or (4) the decision is erroneous as a matter of law. § 8-74-107(6)(a)-(d), C.R.S. 2025.

## B.     Analysis

¶ 11    An appeal of a deputy's decision must be submitted within twenty calendar days after the date of notification of such decision. § 8-74-106(1)(a), C.R.S. 2025. Generally, a hearing officer may accept a late appeal for good cause shown and in accordance with

4

rules adopted by the director of the Division. § 8-74-106(1)(b). However, if an appeal is more than 180 days late, good cause may not be established, a hearing shall not be scheduled, the appeal shall be dismissed, and the deputy's decision shall become final. Dep't of Lab. & Emp. Reg. 12.1.3.2.

¶ 12　Aragon's appeal was filed more than 180 days late. The Panel observed that the determination was made in March 2023 and that there was no indication that Aragon did not receive it at that time, or that filing a timely appeal was outside of Aragon's control. Therefore, the Panel concluded that the hearing officer's application of the regulations was correct.

¶ 13　Aragon lists five issues in his opening brief:

- Was the imposition of a lifetime disqualification (indefinite ineligibility) a fair and proportionate consequence given the circumstances?

- Did the Division provide clear instructions or notification that failure to submit documents — even after ceasing to claim benefits — would result in permanent ineligibility?

- Should Regulation 12.1.3.2 (automatic dismissal after 180 days) be reconsidered where a claimant had no actual

knowledge of the "indefinite disqualification" until after the deadline passed?

- Was it reasonable for [the Panel] to determine that a "reasonably prudent claimant" would have understood the severity of not responding, despite returning to work and ceasing further claims?

- Is it possible to restore future eligibility given [that Aragon] has submitted the required documents and acted in good faith to correct the issue?

¶ 14    First, as he did before the Panel, Aragon continues to assert that the Division imposed an indefinite disqualification from benefits. We see nothing in the record, however, that deems Aragon indefinitely disqualified. Rather, the Panel simply indicated that Aragon still needs to provide sufficient documentation to substantiate his current unemployment claim. While Aragon claims that he has now mailed the requested documentation, the record does not indicate whether the Division has received or accepted the documentation as sufficiently substantiating. We therefore have no basis in the record to conclude that the Division deemed Aragon indefinitely ineligible for benefits.

¶ 15    Second, at this juncture, Aragon does not appear to argue that he did not receive notice of the 2023 determination, but rather asserts that he did not recognize the importance of it at that time. Aragon initially asserted to the Division that he did not have notice of the need to submit additional documentation to support his claim. But in his Notice of Appeal, filed on June 9, 2025, Aragon says "he understands now" that a request for identity verification documents "may have been made through a phone call or voice mail, and possibly by email, as I had selected electronic communication as my preferred method." Thus, to the extent that Aragon argues lack of notice as a due process violation, that contention is moot.

¶ 16    Third, the Panel recognized that Aragon's "failure to timely appeal, possibly misreading the decision, or not listening to the phone message may have been unintentional and unfortunate," but concluded that a "reasonably prudent claimant" would not have made the error. Aragon takes issue with this determination, arguing that since he returned to work, he assumed the claim was closed and that a reasonably prudent person would not have responded to the document request. We agree with the Panel,

7

however, that a reasonably prudent person would have continued to respond to document requests indicating that his unemployment compensation benefits claim was still missing information.

¶ 17 Finally, to the extent Aragon asks this court to "restore future eligibility," that is beyond the scope of our limited review. First, as previously noted, the record does not support Aragon's contention that the Panel imposed a lifetime disqualification against him. As it relates to the particular application at issue, the Panel indicated that the Division may still be awaiting information from Aragon to determine future eligibility. Without any evidence of the current status of the Division's request, we have no basis to further address that limited ruling.

¶ 18 After carefully reviewing the record, we conclude that the hearing officer and the Panel properly applied the plain language of the applicable regulations. *Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 25 (when a regulation's language is clear and unambiguous, it must be applied as written). And because we conclude that the Panel's decision was supported by the record and not erroneous, we must affirm the Panel's decision. *See Mesa County Pub. Libr. Dist. v. Indus. Claim Appeals Off.*, 2017 CO 78,

¶ 17 (a reviewing court is bound by the hearing officer's and the Panel's findings of fact that are supported by substantial evidence in the record).

### III. Disposition

¶ 19 We affirm the Panel's order.

JUDGE J. JONES and JUDGE GROVE concur.